NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3009

DOROTHY A. WEITHONER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

<u>James L. Stanton</u>, Stanton Law Office, of Omaha, Nebraska, argued for petitioner.

<u>Ray E. Donahue</u>, Attorney, Law Department Civil Practice, United States Postal Service, of Washington, DC, argued for respondent.  With him on the brief were <u>Peter D. Keisler</u>, Assistant Attorney General, Commerical Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and <u>Lori J. Dym</u>, Chief Counsel, Law Department Civil Practice, United States Postal Service, of Washington, DC.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3009

DOROTHY A. WEITHONER,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

DECIDED: July 10, 2007

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

SCHALL, Circuit Judge.

Dorothy A. Weithoner petitions for review of the final decision of the Merit Systems Protection Board ("Board") that denied her petition for enforcement of a settlement agreement between her and the United States Postal Service. Weithoner v. U.S. Postal Serv., 103 M.S.P.R. 45 (2006). We affirm.

DISCUSSION

I.

On April 17, 2002, Ms. Weithoner, a Supervisor of Distribution Operations at the Postal Service's Omaha, Nebraska, Processing & Distribution Center, received a Notice

of Proposed Removal based on a charge of unacceptable conduct. On May 22, 2002, the Senior Manager of the Processing & Distribution Center issued a Letter of Decision - Removal, finding that the charge as stated in the notice was fully supported by the evidence and warranted Ms. Weithoner's removal effective May 25, 2002. Ms. Weithoner appealed her removal to the Board.

On September 18, 2002, the day before the scheduled Board hearing, the parties entered into a settlement agreement. The terms of the settlement agreement relevant to this appeal are as follows:

> 1. It is agreed that Ms. Weithoner will voluntarily withdraw any outstanding grievances, complaints or appeals relating to Ms. Weithoner's employment with the Postal Service up to the date this Agreement is signed by all the parties, including but not limited to her appeal before the Merit Systems Protection Board, Docket No. DE-0752-02-0337-1 ("the Appeal"). It is likewise agreed that Ms. Weithoner will not relitigate in any forum, judicial or administrative, any claims arising from the Appeal, except that she may file a petition for enforcement of this Agreement pursuant to paragraph 8, below.

> 2. It is agreed that the Postal Service shall rescind the Notice of Proposed Removal, dated April 17, 2002, and the Letter of Decision - Removal, dated May 22, 2002, and that, by signing this Agreement, Ms. Weithoner requests to be voluntarily downgraded to the position of Postmaster, EAS-15, in Waterloo, NE, effective Monday, September 23, 2002. Ms. Weithoner understands that, for salary purposes, she will be paid at the same percentile she was being paid at the EAS-16 level prior to her voluntary downgrade. Ms. Weithoner shall be entitled to any and all benefits provided pursuant to applicable Postal Service regulations and policies. Should the Waterloo, NE Post Office be abolished within the next two years, Ms. Weithoner shall be placed in the next highest vacant Post Office with salary protection for two years.

> . . . .

> 6. It is agreed that all references to Ms. Weithoner's removal shall be expunged from her official personnel records. Nevertheless, it is further agreed that should Ms. Weithoner be charged with similar misconduct at any time within two years from the date this Agreement is signed by all the

parties, this Agreement may be cited as an aggravating factor to show that Ms. Weithoner was on notice that such misconduct is prohibited.

Additionally, the Postal Service agreed to provide "all necessary training" to Ms. Weithoner and to pay her attorney's fees and costs. The administrative judge ("AJ") entered the settlement agreement into the record on September 19, 2002.

II.

In April of 2003, Ms. Weithoner voluntary resigned from her position as Postmaster in Waterloo, Nebraska, citing her mother's poor health. Several months later, she requested reinstatement to a supervisory or managerial position in Omaha. On August 4, 2003, Acting Lead Manager, Distribution Operations, Mark Stickrod, and Postmaster EvaJon Spearling sent identical letters to Ms. Weithoner declining her request for reinstatement. Both letters stated:

> I have received and reviewed your request for reinstatement to the Postal Service in a supervisory or managerial position. While a supervisor, you exhibited behavior that was inconsistent with the Postal Service's standards of conduct, after which you requested a voluntary downgrade to the Waterloo, Nebraska Postmaster position. A few months later, you submitted a resignation.
>
> Very seldom, if ever, do I grant reinstatement requests, and I have decided to decline your request as well.
>
> Ms. Weithoner then requested reinstatement to a clerk position in Omaha.

District Manager Mike Matuzek denied her request on October 27, 2003, citing two reasons:

1. The Postal Service is currently taking steps to downsize plant operations at all levels. Adding any additional complement to the plants would work against this national objective.

2. Your work performance prior to your voluntary retirement from USPS was not of a level that would justify your reinstatement as an employee.

III.

On February 28, 2004, Ms. Weithoner filed a petition for enforcement of the settlement agreement. In her petition, she argued that the Postal Service had violated paragraph 6 of the settlement agreement "by apparently not purging her official records of all references to Appellant's removal action and by using this information in denying her future employment with the Agency and not confined to the specific reservation of its future use to supporting any future charge of misconduct against her." On July 16, 2004, the AJ granted the petition for enforcement. Weithoner v. U.S. Postal Serv., No. DE-0752-02-0337-C-1, slip op. (Recommendation, July 16, 2004). The AJ did not find that the Postal Service had breached paragraph 6 of the settlement agreement, as argued by Ms. Weithoner. The AJ did find, however, that in the settlement agreement, Ms. Weithoner had bargained for a clean record and that the Postal Service had deprived her of the benefit of that bargain "by referring to the unadjudicated misconduct matter" when she sought reemployment. Id. at 10-12. The AJ stated: "Even though the parties did not contemplate that the appellant would resign and seek reemployment, I find that the agency has violated the letter and spirit of its agreement with the appellant by citing [the] alleged misconduct as a reason for its failure to reemploy the appellant." Id. at 12. The AJ recommended that the Postal Service be required to consider Ms. Weithoner "for reemployment to the supervisory and clerk-craft positions without regard

to the alleged performance or misconduct issues that were charged in the underlying Board appeal." Id.

On August 4, 2006, the Board, not adopting the AJ's Recommendation, found that the Postal Service had not breached the settlement agreement and denied Ms. Weithoner's petition for enforcement. Weithoner, 103 M.S.P.R. at 51. The Board stated that the Postal Service complied with the settlement agreement when it "rescinded the notice of proposed removal and the removal decision, as required by Paragraph 2 of the agreement" and "expunged all references to removal from the appellant's official personnel records, as required by the first sentence of Paragraph 6 of the agreement." Id. at 50. The Board added that Ms. Weithoner "never bargained for any particular treatment of her history should she resign and later seek reinstatement." Id. The Board stated in addition that the Postal Service "bargained for [Ms. Weithoner's] movement from a supervisory position in a metropolitan distribution center to a Postmaster job in a very small town" and that the Postal Service "would lose the benefit of the settlement agreement if [Ms. Weithoner's] interpretation were accepted." Id. at 51.

A dissenting member of the Board agreed with the AJ's Recommendation to find that the Postal Service had breached the settlement agreement. Id. at 52. The Board member interpreted the second sentence of paragraph 6 to mean that the Postal Service could only refer to Ms. Weithoner's misconduct if she engaged in similar behavior in the two years following the settlement agreement and concluded that the two August 4, 2003, letters from Mr. Stickrod and Ms. Sperling violated this provision. Id.

Ms. Weithoner filed a timely notice of appeal.  We have jurisdiction over a final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9).

IV.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.  5 U.S.C. § 7703(c); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

On appeal, Ms. Weithoner argues that the terms of the settlement agreement, specifically paragraph 6, clearly stated the parties' intent: that all references to her alleged misconduct would be expunged from her official personnel record and that the Postal Service could only use such information if she was charged with similar conduct within two years of signing the agreement.  She additionally contends that the terms and circumstances of the settlement agreement had the effect of giving her a "clean record," upon which she could rely unless she was charged with similar misconduct in the ensuing two years.

The government responds that Ms. Weithoner's interpretation of paragraph 6 of the settlement agreement would impose an obligation on the Postal Service that it did not agree to undertake because the parties did not contemplate that Ms. Weithoner would seek reinstatement to the position from which she was removed or indeed any position in Omaha.  According to the government, the settlement agreement only required the Postal Service to rescind the Notice of Proposed Removal and Letter of

Decision - Removal and to expunge all references to Ms. Weithoner's removal from her official personnel records. The government argues that the Postal Service complied with these obligations.

"A settlement agreement is a contract, and its construction is a question of law which this court reviews de novo." Lary v. U.S. Postal Serv., 472 F.3d 1363, 1367 (Fed. Cir. 2006) (quoting Conant v. Office of Pers. Mgmt., 255 F.3d 1371, 1376 (Fed. Cir. 2001)). A settlement agreement is enforced according to its terms to the extent the agreement is clearly stated and understood by the parties. See, e.g., Pagan v. Dep't of Veterans Affairs, 170 F.3d 1368, 1371 (Fed. Cir. 1999). If any ambiguity exists, our role is "to implement the intent of the parties at the time the agreement was made." Id.

In order to determine whether the Postal Service breached the settlement agreement, we must first interpret the agreement. In the settlement agreement, Ms. Weithoner agreed to withdraw her appeal and to accept a voluntary downgrade to the Postmaster position in Waterloo, Nebraska. In exchange, the Postal Service agreed, inter alia, to rescind the removal action and to remove any references to Ms. Weithoner's removal from her personnel record. The Postal Service did rescind the Notice of Proposed Removal and Letter of Decision - Removal, and it has not been demonstrated that all references to Ms. Weithoner's removal were not expunged from her official personnel records, as required by the settlement agreement. The settlement agreement, however, does not explicitly address the present circumstance—that is, Ms. Weithoner seeking reinstatement to the Omaha facility from which she was removed. Consequently, for purposes relevant to Ms. Weithoner's petition for enforcement, we must determine the parties' intent as to the present circumstance at the time the

agreement was made.

We conclude, based upon paragraph 2 of the settlement agreement, that an implied term of the agreement was that Ms. Weithoner would not seek to return to any Postal Service facility in Omaha. We do not think that the parties intended for Ms. Weithoner to enter into the agreement and then request reinstatement to a Postal Service facility in Omaha, let alone the very one from which she was removed. Consequently, in view of the fact that Ms. Weithoner was applying for reinstatement in Omaha, the Postal Service did not materially breach the settlement agreement by denying the application and by referring to the alleged misconduct that formed the basis for the rescinded removal action. We note, however, that if Ms. Weithoner had applied to a Postal Service facility outside of Omaha or to another agency or business within Omaha, the Postal Service would have been prohibited by the settlement agreement from citing her alleged prior misconduct or using the settlement agreement as a bar to employment. And, of course, that is the case with respect to any future employment applications by Ms. Weithoner. In other words, pursuant to the settlement agreement, Ms. Weithoner should have a "clean record" when she applies to a non-Postal Service agency or business or to a Postal Service facility. However under the agreement, she had no right to seek employment at a Postal Service facility in Omaha, and the Postal Service's breach was therefore immaterial.

In sum, because the parties did not intend for Ms. Weithoner to request reinstatement to a Postal Service facility in Omaha, the Postal Service did not materially breach the settlement agreement by citing her alleged past misconduct in response to her request for reinstatement in Omaha.

For the foregoing reasons, the final decision of the Board denying Ms. Weithoner's petition for enforcement is affirmed.

Each party shall bear its own costs.