# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTA L. HINES,

         Appellant,

     v.

DEPARTMENT OF VETERANS
    AFFAIRS,

         Agency.

DOCKET NUMBER
CH-1221-13-0543-C-1

DATE: April 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kurt Cummiskey</u>, Esquire, St. Louis, Missouri, for the appellant.

<u>G.M. Jeff Keys</u>, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective November 30, 2012, the appellant was terminated from her position as a Physician when a Physician Professional Standards Board, convened to conduct a summary review of her employment during her trial period, determined that her performance was unsatisfactory. Initial Appeal File (IAF), Tab 7 at 11-19. She filed a complaint with the Office of Special Counsel (OSC) in which she alleged that she was terminated because she made protected whistleblower disclosures. *Id.*, Tab 1 at 16-27. After OSC closed its file on the matter, *id.* at 12, the appellant filed an appeal with the Board. *Id.* at 1-3. The parties availed themselves of the Board's Mediation Appeals Process during which a settlement was reached. *Id.*, Tab 13 at 3. The handwritten agreement, signed on August 23, 2013, provided in pertinent part that, in exchange for her withdrawing her appeal, the agency would rescind the appellant's November 30, 2012 termination and allow her to resign after 1 year of leave without pay and the maximum period of leave permitted under the Family and Medical Leave Act, i.e., after 15 months, and that she would be carried on leave without pay, beginning on December 1, 2012, until her resignation. *Id.* The parties requested that the settlement agreement be entered into the record for enforcement

purposes. *Id.* at 1. The case was returned to the administrative judge who notified the parties on February 13, 2014, that, if she did not receive any written objections, she intended to dismiss the appeal as settled pursuant to the terms of the parties' handwritten agreement. *Id.*, Tab 14.

¶3     In her February 26, 2014 initial decision, the administrative judge first stated that she had received no written objections from either party. *Id.*, Tab 15, Initial Decision (ID) at 2. She then found that the agreement was lawful on its face and that the parties freely entered into it, understood its terms, and intended to have it entered into the record, and that the parties had stipulated to facts that would provide the Board with jurisdiction over the whistleblower appeal. Accordingly, based on the agreement, the administrative judge dismissed the appeal as settled, ID at 1, 3, in an initial decision that became the Board's final decision on April 2, 2014, when neither party filed a petition for review.

¶4     On April 16, 2014, the appellant filed a petition for enforcement in which she argued that the agency had breached the agreement by failing to implement its terms. Compliance Appeal File (CAF), Tab 1 at 1-3. She stated that she had a serious preexisting health condition that was being adversely affected by the agency's failure to act and that she had apprised the agency of the situation. *Id.* at 4-5. She further stated that one of the significant provisions of the agreement was that she would be continued on and/or have access to the agency's health insurance benefits for as long as possible and that, because the agency had not enacted the terms of the agreement, she was without health insurance. *Id.* In its response, the agency argued that, prior to the time the initial decision was issued, it was unclear whether it should proceed with implementation of the agreement, but, once the initial decision was issued on February 26, 2014, it took immediate steps toward implementation. *Id.*, Tab 8.

¶5     The appellant replied that the agency failed to inform her health insurance provider of her "qualifying event" and that she has been notified that her eligibility in the Service Benefit Plan has been terminated, as a result of which

she owes considerable money for medications she received during 2013 which she is now unable to secure, causing both her and her current employer to suffer financial damage. *Id.*, Tab 9.

¶6 In her initial decision, the administrative judge found that the appellant did not show material noncompliance by the agency with the terms of the settlement agreement. *Id.*, Tab 13, Compliance Initial Decision (CID) at 2-5. The administrative judge found that the agency produced evidence to show that it had complied with the terms of the settlement agreement. CID at 3-4. As to the matter of the appellant's health benefits, the administrative judge considered the conflicting evidence but found that the agency's evidence was more credible because the appellant did not dispute the authenticity of the documents or claim that she did not receive them and that, in any event, the settlement agreement was silent as to any responsibilities on the part of the agency to notify the appellant's insurance carrier regarding her health care coverage. CID at 3. Accordingly, the administrative judge denied the appellant's petition for enforcement.[2] CID at 2, 6.

¶7 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

¶8 On review, the appellant argues that the agency failed to submit competent evidence that it complied with the settlement agreement because it did not establish that it transmitted to her insurance carrier the Standard Form (SF)-2801 showing that her benefits were reinstated and that her evidence that the agency did not transmit the form is undisputed. PFR File, Tab 1 at 10-12.

¶9 A settlement agreement is a contract and the interpretation of its terms is a question of law. *Greco v. Department of the Army*, 852 F.2d 558, 560 (Fed. Cir.

---

[2] At the conclusion of the compliance initial decision, the administrative judge erroneously "dismissed" the appellant's petition for enforcement. *See* CID at 6. The proper disposition was to deny it. *See Wofford v. Department of Justice*, 115 M.S.P.R. 367, ¶ 17 (2010).

1988).  Under settled contract law, the party alleging breach of a settlement agreement has the burden of proving such breach.  *See Reniere v. Department of Agriculture*, 62 M.S.P.R. 648, 651 (1994).  However, the agency has a heavy burden of production regarding compliance.  *Id.*

¶10    In response to the appellant's petition for enforcement, the agency submitted the following evidence:  (1) an SF-50 showing the appellant on leave-without-pay status effective December 1, 2012, not to exceed February 28, 2014; (2) SF-50s showing her within-grade increase to step 2, effective December 16, 2012, and to step 3, effective January 12, 2014; (3) an SF-50 showing her resignation, effective February 28, 2014, for personal reasons; and (4) SF-2810s showing the reinstatement of her health benefits, effective November 30, 2012, and the termination of those benefits, effective March 8, 2014.  CAF, Tab 8 at 9-14.  These documents show that the agency met its obligations under the terms of the settlement agreement.  As the administrative judge found, the appellant does not dispute these documents.  CID at 3.  Rather, she contends that the agency breached the agreement by failing to transmit to the carrier the SF-2810 showing the reinstatement of her health benefits, as evidenced by the carrier's statement that it has not received the appellant's health benefit enrollment forms.  She repeats her claim that her receiving health benefits for as long as possible was a key component of the agreement and that the agency breached the agreement by not showing that it acted promptly in transmitting to her carrier the SF-2801 showing the reinstatement of her benefits.  PFR File, Tab 1 at 3.

¶11    In construing a contract, one looks first to the terms of the agreement to determine the intent of the parties at the time they contracted, as evidenced by the contract itself.  *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 9 (2001).  Extrinsic evidence of intent should be considered only if the terms of the agreement are ambiguous; a contract is ambiguous when it is susceptible to differing, reasonable interpretations.  *Id.*

¶12     We find that the settlement agreement in this case is not ambiguous. No provision addresses the appellant's health benefits or imposes upon the agency any obligation to communicate with the appellant's carrier regarding those benefits. *Cf. Landrith v. Office of Personnel Management*, 99 M.S.P.R. 76, 79 (2005) (an expression of legal rights, such as a statute, court order, or settlement agreement is ambiguous if it is susceptible of differing reasonable interpretations; however, "silence is not ambiguity"). Because parol evidence is not used to interpret the terms of an unambiguous agreement, *Grubb v. Department of the Interior*, 76 M.S.P.R. 639, 643 (1997), we give no weight to the appellant's claim as to what she bargained for. *See Weithoner v. U.S. Postal Service*, 103 M.S.P.R. 45, ¶ 15 (2006), *aff'd*, 244 F. App'x 332 (Fed. Cir. 2007). The Board has no authority to unilaterally modify the terms of the parties' settlement agreement, *Galatis v. U.S. Postal Service*, 109 M.S.P.R. 651, ¶ 10 (2008), or to read a nonexistent term into an agreement that is not unambiguous, *Hamilton v. Department of Veterans Affairs*, 92 M.S.P.R. 467, ¶ 6 (2002).

¶13     In sum, we agree with the administrative judge that the appellant failed to establish that the agency breached the agreement with regard to its transmitting the SF-2801 to her carrier because the unambiguous terms of the settlement agreement imposed no such obligation upon the agency. Therefore, it was proper to deny the appellant's petition for enforcement.[3]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[3] The appellant's alternative claim, raised for the first time on petition for review, PFR File, Tab 1 at 9, is that the Board should set aside the agreement for a lack of a meeting of the minds. An attack on the validity of a settlement agreement should be raised in a petition for review of the initial decision that dismissed the appeal pursuant to the settlement. *See Gareis v. Department of the Interior*, 90 M.S.P.R. 107, ¶ 5 (2001).

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.