# United States Court of Appeals for the Federal Circuit

2006-3050

ROBERT H. LARY, SR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Paul F. Prentiss, Timmermier, Gross & Prentiss, of Omaha, Nebraska, for petitioner.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC for respondent. On the brief were Peter D. Keisler, Assistant Attorney General, and Lori J. Dym, Chief Counsel Law Department Civil Practice, United States Postal Service, of Washington, DC. Of counsel were Jeanne E. Davidson, Director; Kathryn A. Bleecker, Assistant Director; and James D. Colt, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, and Ray E. Donahue, Attorney, Law Department Civil Practice, United States Postal Service, of Washington, DC.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3050

ROBERT H. LARY, SR.,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: July 3, 2007

_____

ON PETITION FOR REHEARING.

Before NEWMAN, DYK, and PROST, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Petitioner Robert H. Lary, Jr. ("Lary") died on February 17, 2007, after our original opinion had issued. Lary's personal representative moved to have Robert H. Lary, Sr., his father and personal representative, substituted as the petitioner, and the government moved to vacate our original opinion and dismiss the appeal as moot. In a separate order issued today, we have granted the motion to substitute and denied the government's motion, and the revised official caption is reflected above. In light of the grant of the motion to substitute and in view of the likelihood of further proceedings

before the Merit Systems Protection Board ("Board"), we think it is appropriate to clarify our original opinion.

In our original opinion we held that the United States Postal Service ("USPS") materially breached its settlement agreement with Lary by failing to provide required documents in a timely fashion. <u>Lary v. U.S. Postal Serv.</u>, 472 F.3d 1363, 1365 (Fed. Cir. 2006). We vacated the decision of the Board and remanded for entry of a decree of specific performance and also (in the event that OPM determined, on the merits, that Lary was entitled to disability retirement payments) an order of back pay and other relief. <u>Id.</u>

In its petition for rehearing the USPS once again argues that its breach of the settlement agreement was not material because Lary could have filed a timely application for retirement benefits even though the application would not have been complete until the government supplied the necessary documents. We rejected that argument on two alternative grounds, each of which was sufficient. First, we held that the government's argument only went to the question of whether Lary could have mitigated damages, and not to the materiality of the breach. Second, we stated that Lary was harmed by the government's breach because "disability benefits do not begin to accrue until all application requirements have been met and the application is complete." <u>Id.</u> at 1368. The government barely addressed the first alternative ground in its petition. As to the second it argues the Lary would have received retirement benefits retroactively to the date of his separation.

Even assuming that retirement benefits would have been awarded retroactively, this does not call into question our first ground of decision. Even as to our second

ground for our decision, it is clear that the government's breach at least caused Lary's actual receipt of any disability retirement benefits to be delayed because his application would not have been complete as required by the regulations until the USPS supplied the necessary documents.

The USPS also argues that the Board did not have jurisdiction to order specific performance. We again disagree. The Board's power to enforce a settlement agreement comes from its authority to enforce its own orders, set forth by statute. See 5 U.S.C. § 1204(a)(2) (2006); see also King v. Reid, 59 F.3d 1215, 1218 (Fed. Cir. 1995). The statute broadly grants the Board power to "order any Federal agency . . . to comply with any order or decision . . . and enforce compliance with any such order." 5 U.S.C. § 1204(a)(2). On its face, the statute does not limit the Board's authority to any particular means of enforcing compliance with its orders or prevent it from ordering specific performance. See also 5 C.F.R. § 1201.41(c)(2)(i) (regulation relating to settlements providing that "the Board will retain jurisdiction to ensure compliance with the agreement").

The Back Pay Act, 5 U.S.C. § 5596(b)(1), is not inapplicable to this situation if Lary would have been entitled to disability retirement benefits.[1] Lary would have been entitled to recover back pay for an employment period for which he was not properly compensated. See Drummer v. Gen. Servs. Admin., 22 M.S.P.R. 432, 435 n.2 (1984) ("Cancellation of the removal action includes an award of back pay and other benefits for the time period involved."); 5 C.F.R. § 550.805(a) ("When an appropriate authority

---

[1] Of course, as we noted in our original opinion, in order to avoid a windfall, in the event that the Board determined that Lary was not entitled to disability retirement payments, Lary would not have been entitled to back pay.

corrects or directs the correction of an unjustified or unwarranted personnel action . . . the agency shall compute . . . the pay . . . the employee would have received if the unjustified or unwarranted personnel action had not occurred.").

In clarifying our original opinion, we express no view as to the ultimate outcome of this proceeding on remand. The petition for rehearing is denied.