NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3270

ELOY J. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Arthur G. Vega, of San Antonio, Texas, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3270

ELOY J. HERNANDEZ,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

Petition for review of the Merit Systems Protection Board in DA3443060531-C-1.

_____

DECIDED:    April 30, 2009

_____

Before LOURIE, RADER, and DYK, <u>Circuit Judges</u>.

Opinion for the court filed by Circuit Judge DYK.  Circuit Judge RADER concurs in the result.

DYK, <u>Circuit Judge</u>.

Petitioner Eloy J. Hernandez ("Hernandez") appeals from a final decision of the Merit Systems Protection Board ("MSPB" or "Board").  The Board denied Hernandez's petition for enforcement of a settlement agreement with the Department of Defense ("agency"), rejecting Hernandez's claims that the agreement had been breached.  Because we hold that the agency breached the settlement agreement, we <u>reverse and remand</u>.

BACKGROUND

Hernandez worked for the Defense Logistics Agency as a Material Handling Equipment Operator in San Antonio, Texas. In February 2006, Hernandez was informed that he would be separated from the agency pursuant to a reduction-in-force ("RIF") action, effective June 30, 2006. After his separation, Hernandez was not placed in the agency's Priority Placement Program ("PPP"), a program that matches participants with agency job opportunities. Hernandez appealed his separation to the MSPB, and in February 2007 Hernandez and the agency entered into a settlement agreement.

The settlement agreement focused on Hernandez's enrollment in the agency's PPP. The settlement agreement stated that Hernandez would be "re-considered for placement in the PPP for a period of one year beginning 7 calendar days after the last signature on this Agreement." Pet'r App. 57. The last signature date on the agreement was February 17, 2007. Pet'r App. 58. Seven days thereafter would be February 24, 2007. For convenience we refer to this date as the effective date of the agreement. The agency subsequently enrolled Hernandez in the PPP only from February 20, 2007, to July 2, 2007, a period of about four and one-half months, representing approximately the period between the effective date of the settlement agreement and the one-year anniversary of Hernandez's separation.

One June 28, 2007, Hernandez filed a petition for enforcement of the settlement agreement, asserting that the agency had not, as required, enrolled him in the PPP for a period of one year after the effective date of the agreement. The agency provided an affidavit from an agency human resources specialist stating that Hernandez "received

2008-3270                    2

all appropriate consideration for job placement for 12 months following his separation on June 30, 2006," and that enrollment in the PPP beyond the twelve-month period following separation on June 30, 2006, "was not possible." Pet'r App. 70.

The administrative judge denied Hernandez's petition for enforcement, finding that the agreement did not require Hernandez's enrollment for the one-year period after the effective date of the agreement, and finding that the agency had complied with the settlement agreement by "review[ing] relevant vacancies during the period from June 30, 2006, to February 20, 2007, to determine whether the appellant missed consideration for any of those vacancies," and then by registering Hernandez in the PPP from February 20, 2007, to July 2, 2007. Hernandez v. Dep't of Defense, No. DA-3443-06-0531-C-1, at 5 (M.S.P.B. Sept. 11, 2007). On April 11, 2008, the Board denied Hernandez's petition for review of the administrative judge's decision, and the initial decision became the final decision of the Board. Hernandez v. Dep't of Defense, 108 M.S.P.R. 604 (2008).

Hernandez timely petitioned our court for review, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. § 7703(c); Lary v. U.S. Postal Serv., 472 F.3d 1363, 1366-67 (Fed. Cir. 2006).

A settlement agreement is a contract, <u>Tiburzi v. Dep't of Justice</u>, 269 F.3d 1346, 1351 (Fed. Cir. 2001), and we review the Board's construction of a settlement agreement without deference, <u>Fomby-Denson v. Dep't of the Army</u>, 247 F.3d 1366, 1371 (Fed. Cir. 2001). Whether a breach of a contract is material is a mixed question of law and fact, but "[w]here, as here, the facts are undisputed, the determination of whether there has been material non-compliance with the terms of a contract . . . necessarily reduces to a question of law." <u>Lary</u>, 472 F.3d at 1367 (quoting <u>Gilbert v. Dep't of Justice</u>, 334 F.3d 1065, 1072 (Fed. Cir. 2003)).

The sole issue is the right of Hernandez to an additional seven and one-half months in the PPP under the settlement agreement. The settlement agreement provided:

> The appellant will be re-considered for placement in the PPP for a period of one year beginning 7 calendar days after the last signature on this Agreement. One year is the regulatorily-prescribed term of enrollment per Para. SC1800.3.7 of DOD Instruction 1400.25-M.

Pet'r App. 57. The regulation cited in this provision states that "[e]ligible employees . . . are mandatory program registrants during the RIF notice period and for one year from separation." Department of Defense Civilian Personnel Manual, DoD 1400.25-M, subchapter 1800.3.7 (Dec. 1996).

The agency concedes that as part of the settlement agreement, the agency could provide enrollment in the PPP for a period beyond the initial twelve months following Hernandez's separation. <u>See</u> Oral Arg. 25:50-26:32, <u>available at</u> http://oralarguments.cafc.uscourts.gov/mp3/2008-3270.mp3. ("The [agency] instruction is not an absolute limitation . . . generally a displaced employee is going to be eligible for enrollment for one year from separation and there are exceptions—there are

procedures in there for exceptions to the policy."). In other words, the agency concedes that the affidavit statement that enrollment in the PPP for the one-year period following the effective date of the agreement "was not possible" was inaccurate. The agency's affidavit also does not make harmless any error in the timing of Hernandez's PPP enrollment, because the affidavit stated that no suitable jobs were available during the period between Hernandez's separation and the signing of the settlement agreement, and did not address the availability of PPP jobs during the one-year period after the effective date of the agreement (though it did state that Hernandez was registered in the PPP for four and one-half months of that period).

The question is whether the settlement agreement required Hernandez's enrollment for one year after the effective date of the settlement agreement. The agency contends that it agreed only that it would "reconsider" Hernandez's enrollment in the PPP, in the sense that if the government decided not to include Hernandez in the PPP at all, Hernandez would have no right to PPP enrollment under the agreement.

The word "reconsider" in the settlement agreement is ambiguous. To "reconsider" is "to think over, discuss, or debate (as a plan, decision) esp[ecially] with a view to changing or reversing." Webster's Third New International Dictionary 1897 (Merriam-Webster 2002); see also Webster's Unabridged Dictionary 1612 (Random House 2d ed. 1998) (defining "reconsider" as "to consider again, esp[ecially] with a view to change of decision or action"). In the judicial context, reconsideration frequently means action that changes a result. Thus to "reconsider" a result could well mean either that the result would be reviewed, or that the result would be changed. The most natural meaning of "reconsider" here is that Hernandez's enrollment in the PPP would

be changed so that he would be enrolled for twelve months following the effective date of the settlement agreement.

Construction of contracts follows the "general rule of contract interpretation that terms of a contract should not be interpreted so as to render them ineffective or superfluous." Abraham v. Rockwell Int'l Corp., 326 F.3d 1242, 1254 (Fed. Cir. 2003); see also Pac. Gas & Elec. Co. v. United States, 536 F.3d 1282, 1288 (Fed. Cir. 2008); Restatement (Second) of Contracts § 203(a) (1981) ("[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect.").

It is plain from the face of the agreement that in exchange for dismissing his appeal, the agency agreed to allow Hernandez to be enrolled in the PPP for a one-year period after the effective date of the agreement. As part of the settlement agreement, the agency agreed (a) that it would remove a reprimand from Hernandez's record, (b) that "[b]ecause of the removal of the Decision of Reprimand, the appellant is now eligible to be re-considered for registration" in the PPP under the agency's regulations, and (c) that Hernandez would be "re-considered for placement in the PPP for a period of one year beginning 7 calendar days after the last signature on this Agreement." Pet'r App. 57. Hernandez received no other consideration under the agreement. Construing the settlement agreement as giving the agency the option not to enroll Hernandez in the PPP would come close to rendering the settlement agreement illusory.[1] Such a

---

[1]    See Torncello v. United States, 681 F.2d 756, 769-70 (Ct. Cl. 1982) (en banc) (A contract must "ensure[] that each party necessarily will end up performing in a way that reflects some binding obligation," and a contract in which a party had the option of not performing would be invalid because such an option would not be "sufficient for consideration if it alone had been bargained for."); Restatement (Second)

construction is disfavored. See 5 Margaret N. Kniffin, <u>Corbin on Contracts</u> § 24.22 at 234-35 (rev. ed. 1998) ("When the words of the contract indicate that a party has promised to perform, such words should not be interpreted so as to make the promise illusory, even if the context may show an intent to leave performance subject to the party's broad discretion." (footnote omitted)). We thus construe the settlement agreement as requiring the agency to enroll Hernandez in the PPP program for twelve months after the effective date of the settlement agreement.

Because the agency enrolled Hernandez in the PPP for only four and one-half months and not twelve months after the settlement agreement, we hold that the agency breached the settlement agreement. On remand, the MSPB should consider an appropriate remedy for this breach. Accordingly, we <u>reverse and remand</u>.

COSTS

No costs.

RADER, Circuit Judge, concurs in the result.

---

of Contracts § 77 cmt. a (1981) ("Words of promise which by their terms make performance entirely optional with the 'promisor' do not constitute a promise.").