NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3057

FEDERICO REMORIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Federico Remorin, of Subic, Philippines, pro se.

Lauren A. Weeman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3057

FEDERICO REMORIN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831080417-I-1.

_____

DECIDED:    June 8, 2009

_____

Before NEWMAN, SCHALL, and DYK, Circuit Judges.

PER CURIAM.

Federico Remorin ("Remorin") petitions for review of a final order of the Merit Systems Protection Board ("Board").  The Board affirmed an Office of Personnel Management ("OPM") determination that Remorin was ineligible to make a deposit to the Civil Service Retirement and Disability Fund ("Fund").  We affirm.

BACKGROUND

In 1959, Remorin was hired by the Department of the Navy ("Navy") as an asphalt plant operator in Subic Bay, Philippines, under an indefinite excepted service appointment.  He was subsequently transferred or promoted several times, each time to another temporary or indefinite excepted appointment.  On February 7, 1992, Remorin's appointment was terminated due to a reduction in force.

On June 22, 2007, Remorin submitted an application to OPM seeking to make a deposit to the Fund so as to be eligible to participate in the Civil Service Retirement System ("CSRS"). By letters dated September 14, 2007, and March 19, 2008, OPM denied Remorin's application on the ground that he had never served in a position covered by CSRS. Remorin appealed, and on July 22, 2008, a Board administrative judge affirmed. On October 16, 2008, the full Board declined to reconsider the initial decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions is limited. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); see also Lary v. U.S. Postal Serv., 472 F.3d 1363, 1366-67 (Fed. Cir. 2006).

Under 5 U.S.C. § 8334(c), an "employee" may make a CSRS deposit to receive credit for years of service during which time retirement deductions were not made. OPM has promulgated regulations defining "employee" for this purpose as either a current employee in a covered position, or a former employee who obtained retirement annuity rights pursuant to a previous separation from a covered position. 5 C.F.R. § 831.112(a).

There is no question that Remorin was not employed in a covered position at the time of his application. The Board found, and Remorin did not dispute, that all of Remorin's appointments from 1952 through 1992 "were either NTE (not to exceed) appointment[s] or indefinite appointment[s] in the excepted service." Pursuant to

statutory authority, OPM's regulations specifically exclude from CSRS coverage temporary and indefinite appointments. 5 C.F.R. § 831.201(a)(1), (2), (6), (13), and (14); see also 5 U.S.C. § 8347(g); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 519 (Fed. Cir. 1995). Because Remorin was never separated from a covered position, the Board correctly determined that he was not entitled to make a CSRS deposit in order to obtain a federal retirement annuity. We have repeatedly rejected similar claims by other former employees of the Navy's Philippines facilities. See, e.g., Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007); Rosete, 48 F.3d at 520. The decision of the Board is affirmed.

No costs.