NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RODNEY HAITH,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2014-3219

---

Petition for review of the Merit Systems Protection Board in No. NY-0752-13-0239-C-1.

---

Decided: May 6, 2015

---

RODNEY HAITH, Poughkeepsie, NY, pro se.

VERONICA NICOLE ONYEMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before DYK, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Rodney Haith appeals from a decision of the Merit Systems Protection Board (the "Board") denying his petition for review. We affirm.

BACKGROUND

On July 8, 2013, Mr. Haith was removed by the U.S. Department of Veterans Affairs ("VA") from his position as a File Clerk. Mr. Haith appealed his removal to the Board. During the pendency of the appeal, the parties entered into a settlement agreement resolving the appeal. The agreement provided that the VA was required to, *inter alia*, (1) "amend [Mr. Haith]'s removal . . . to reflect a separation for medical disability"; (2) "rescind and expunge [Mr. Haith]'s prior disciplinary record in its entirety"; and (3) "provide [Mr. Haith] with an application for disability retirement benefits and . . . assist him with the application process." App. 47.

The VA subsequently sent two different versions of Standard Form 50 ("SF-50") to the Office of Personnel Management ("OPM") (which was determining whether Mr. Haith was entitled to disability retirement). The SF-50 form is entitled "Notification of Personnel Action." On the first form it submitted to OPM, the VA filled in two fields on the form (the "Code" and "Nature of Action" fields) to indicate that Mr. Haith had resigned. App. 25. In the field labeled "Remarks," the VA included the phrase: "SEPARATED FOR MEDICAL DISABILITY." *Id.* The VA subsequently sent a second SF-50 to OPM, removing the reference to resignation and indicating that Mr. Haith had been terminated. The second form also included in the box labeled "Remarks" the text "Separated for medical disability." App. 26.

On October 21, 2013, Mr. Haith filed a petition for enforcement of the agreement, arguing that, *inter alia*, the VA had breached the agreement when on the first form it

informed OPM that he had resigned and when on the second form it indicated his separation was a termination. On December 11, 2013, the Administrative Judge ("AJ") issued its initial decision, granting Mr. Haith's petition in part. The AJ found that the VA had partially breached the settlement agreement when it originally sent the SF-50 to OPM indicating that Mr. Haith had resigned. The AJ ordered the VA to inform OPM in writing that Mr. Haith's separation was not the result of a resignation.[1] But the AJ held that, with regard to the second SF-50, the VA had not breached the agreement when it indicated in the boxes on the form that Mr. Haith had been terminated with the notation "Separated for medical disability." Mr. Haith argued that the SF-50 should have shown Mr. Haith's separation was a result of "Retirement-Disability" and included the corresponding code. But the AJ noted that such an entry would be improper since no such retirement had yet occurred.

Mr. Haith filed a petition for review to the full Board, arguing again that the VA breached the agreement when it said he was terminated on the second SF-50 form. The Board found that the VA had complied with the settlement agreement because the form included "Separated for medical disability," App. 26, in the remarks section, which was consistent with the intent of the parties to create a presumption that Mr. Haith was entitled to an award of disability retirement benefits. *See Bruner v. Office of Pers. Mgmt.*, 996 F.2d 290, 294 (Fed. Cir. 1993) (holding that the government's termination of an employee for disablement produces a presumption of disability). The Board therefore denied review. Mr. Haith appealed the decision

---

[1]    The issue of the VA's compliance with this order was the subject of a separate appeal to the Board and was not addressed in the decision presently being reviewed.

of the full Board. We have jurisdiction pursuant to 5 U.S.C. § 7703(b).

## DISCUSSION

Our review of the Board's decision is limited in scope. We may only set aside an agency's "action, findings, or conclusions" if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). "A settlement agreement is a contract, and its construction is a question of law which this court reviews de novo." *Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007) (quoting *Lary v. U.S. Postal Serv.*, 472 F.3d 1363, 1367 (Fed. Cir. 2006)).

Here, Mr. Haith first argues that the settlement agreement is unlawful because the VA made misrepresentations during its negotiation. Mr. Haith did not argue at the Board that the agreement should be set aside. "Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board." *Sargent v. Dep't of Health & Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000).

Second, Mr. Haith argues that, because the AJ found the VA to have partially breached the contract, the contract is no longer binding on Mr. Haith and his employment should be reinstated. Here, Mr. Haith did not elect to terminate the agreement but rather filed a petition for enforcement of the settlement agreement. The AJ granted this petition in part, ordering the VA to remedy its partial breach. Enforcement of the contract was an appropriate remedy in this case.

Third, Mr. Haith appears to argue, as he did at the Board, that the VA breached the agreement by stating on

the second SF-50 that Mr. Haith was terminated rather than separated for medical disability. The Board did not err in holding that the VA satisfied the settlement agreement because the VA included a note in the remarks section of the SF-50 which stated, "Separated for medical disability." App. 26.

## AFFIRMED

COSTS

No costs.