NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TESS STEPHENS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2024-1489

---

Petition for review of the Merit Systems Protection Board in No. CH-0752-15-0370-C-2.

---

Decided: September 9, 2024

---

TESS DENISE STEPHENS, Terre Haute, IN, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before LOURIE, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

Tess Stephens appeals from a decision of the Merit Systems Protection Board (the "Board") denying her petition for enforcement of a settlement agreement. *See Stephens v. Dep't of Veterans Affs.*, No. CH-0752-15-0370-C-2, 2024 WL 413800 (M.S.P.B. Feb. 2, 2024), R.A.[1] 1–8 (affirming *Stephens v. Dep't of Veterans Affs.*, No. CH-0752-15-0370-C-2, 2022 WL 4290050 (M.S.P.B. Sept. 13, 2022)), R.A. 9–24). We *affirm*.

BACKGROUND

Stephens worked as a Pharmacy Technician at the Richard L. Roudebush VA Medical Center in Indianapolis, Indiana. R.A. 9. The agency removed her from federal service following several unauthorized absences, a decision which she appealed to the Board. *Id.* at 10. Her appeal resulted in a settlement agreement (the "2015 Settlement"), which contained a provision stating that the agency agreed not to contest any application Stephens filed with the Office of Personnel Management for disability retirement benefits. *Id.* (noting that the 2015 Settlement also provided that, to the extent that the agency retained a "responsibility in completing forms" for Stephens's disability retirement, it would complete them "in good faith"); *see also id.* at 27–32 (2015 Settlement). The case was then dismissed pursuant to the 2015 Settlement.

On January 5, 2018, Stephens filed a petition for enforcement of the 2015 Settlement, asserting that the agency materially breached the settlement's provisions relating to the processing of her application for disability retirement benefits. R.A. 10. The administrative law judge agreed and gave Stephens the option of either enforcing or rescinding the 2015 Settlement. *Id.* She chose to rescind it, and subsequently re-asserted the challenge to her

---

[1] "R.A." refers to the appendix filed with Respondent's Brief.

removal from federal service.  The parties reached a new settlement on the matter in August 2018 (the "2018 Settlement").  *Id.*; *see also id.* at 51–55 (2018 Settlement).

Under the terms of the 2018 Settlement, the agency agreed to pay Stephens $50,000, in return for which she broadly released "any and all complaints, grievances, appeals, remedies, actions and causes of action . . . whether known or unknown" against the agency and its employees.  R.A. 11, 52.  The 2018 Settlement also included a merger clause, specifying that the "Agreement constitutes the entire agreement and understanding between the parties, and there are no other terms or conditions, written or oral, except as specified herein."  *Id.*  at 11, 53.  Thereafter the agency paid, and Stephens received, $50,000, and Stephens's petition was dismissed.  *Id.*  at 11, 13.

On July 26, 2022, Stephens filed another petition for enforcement, asserting a "[c]ontinual breach of settlement agreement by VA Roudebush" and that the agency "refused to complete their portion of disability retirement documents despite settlement agreement."  R.A. 12.  She also contended that, "[d]ue to the agency's consistent retaliation and blatant discriminatory behavior" she had "suffered mentally, physically and financially."  *Id.*  But the administrative law judge assigned to the petition found that she had not identified any material breach of the 2018 Settlement.  *Id.* at 13–16.  Her petition was thus denied.  Stephens filed a petition for review of that initial decision, which the Board denied in a February 2, 2024, order.  Stephens appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).[2]

---

[2]    On September 2, 2024, after briefing in this appeal had closed, Stephens filed a memorandum in lieu of oral argument.  *See* ECF No. 27.  We accepted and have considered that pleading in the disposition of this appeal.

## DISCUSSION

We review the Board's legal determinations, including the interpretation of settlement agreements, *de novo*. *Conant v. Office of Pers. Mgmt.*, 255 F.3d 1371, 1376 (Fed. Cir. 2001). In interpreting settlement agreements, we apply general principles of contract law and enforcement. *Fomby-Denson v. Dep't of the Army*, 247 F.3d 1336, 1372 (Fed. Cir. 2001). The materiality of any contract breach is a mixed question of law and fact. *Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). We review underlying findings of fact for substantial evidence. *Welshans v. U.S. Postal Serv.*, 550 F.3d 1100, 1102 (Fed. Cir. 2008). The burden to show material non-compliance with the terms of a settlement agreement rests squarely on the petitioner, *Lutz*, 485 F.3d at 1381, and a court will not overturn an agency decision if it is not contrary to law and was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Lab. Rel. Bd.*, 305 U.S. 197, 229 (1938).

As was explained in the initial decision, the "Board can enforce only those contractual provisions that are contained in the parties' settlement agreement." R.A. 15 (citing *Colonel v. Dep't of the Air Force*, 38 M.S.P.R. 285, 291 (1988), *aff'd*, 980 F.3d 743 (Fed. Cir. 1992)). Stephens did not ask the Board to enforce any provision of the 2018 Settlement, nor did she assert a breach of its terms. Rather, she disputed the agency's characterization of the factual history that led up to the 2018 Settlement and proposed terms for a new settlement, requiring the agency to "provide expedited documentation in support of [her] application for disability requirement, pay [her] $300,000.00, provide [her] with a neutral reference, and issue her an apology." *Id.* at 13.

Stephens contends that, in denying her petition, the Board incorrectly decided or failed to take certain facts into

account, providing the following four-part list to support that assertion:

> 1. OPM mandatory policy, procedure and requirements

> 2. Section II 1) of settlement agreement.

> 3. EEOC No. 200J-058302013103361

> 4. Lutz v. United States Postal Service, No. 06-3154

Pet. Informal Br. at 2.  But such a list, without more, is insufficient to overturn the denial of Stephens's petition, as she does not explain the relevance of it to the facts of the case before us.

Stephens also asserts that the MSPB applied the wrong law, citing the following:

> 1. Larry v. U.S. Postal Service, 2006 WL 3742104, Fed, Cir. No. 3050

> 2. Fuentes v. U.S. Postal Service, Appeal No. 0120091994 (6/30/10)

> 3. EEOC Compliance Manual on Retaliation, No. 915.003 at 814 through 816.

> 4. Settlement Agreement section IV c)

*Id.* But no explanation is provided to support overturning the denial of her petition based on those listed items, especially in the absence of an allegation of any particular legal error.  Stephens further cites *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999) and states that the agency "has a history of discrimination, harassment, failure to complete documentation and reprisal," but she provides no explanation for how the cited case, or her general assertion, relate to the 2018 Settlement upon which this appeal is based.  *See* Pet. Informal Br. at 3.

Our law is well established that an argument must be properly raised in a party's opening brief in order to be

considered on appeal. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006). We recognize that Stephens is not an attorney and that she is not fully acquainted with court rules and appellate procedures. However, the United States Supreme Court has instructed courts to enforce procedural rules even against *pro se* litigants who are not familiar with them. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that the Court "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). In view of our requirements for a properly developed argument to be raised on appeal, Stephens's requests for, *e.g.*, "[f]ull restoration of all benefits including but not limited to more acceptable date of separation, back pay, voluntary resignation, cash buy out, receipt of all back pay, clean record with service awards & pins," Pet. Informal Br. at 3, are forfeited as unsupported by a "developed argument." *SmithKline*, 439 F.3d at 1320.

Stephens contends that her "consistent complaint is disability compensation and Agency reprisal in settlement agreement by not acknowledging workplace injury, full back pay compensation and non disclosure of toxic chemicals." Pet. Informal Br. at 2. But even if such claims for relief were supported by more fulsome arguments and explanations, no such relief could be granted, as Stephens waived any employment and disability related claims as part of the 2018 Settlement. *See* R.A. 52–54 (releasing "any and all complaints, grievances, appeals, remedies, actions and causes of action . . . whether known or unknown" against the agency in exchange for $50,000).

In view of the above, there is insufficient evidence and argument before us to overturn the decision to deny Stephens's petition for enforcement.

CONCLUSION

We have considered Stephens's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

**AFFIRMED**

COSTS

No costs.