NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRI L. TORAIN,**
*Petitioner,*

v.

**SMITHSONIAN INSTITUTION,**
*Respondent.*

---

2011-3135

---

Petition for review of the Merit Systems Protection Board in Case No. DC0752100533-I-1.

---

Decided: February 13, 2012

---

TERRI L. TORAIN, of Silver Spring, Maryland, pro se.

SHERYL L. FLOYD, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD M. HUGHES, Deputy Director.

---

Before LOURIE, LINN, and WALLACH, *Circuit Judges*.

PER CURIAM.

Terri L. Torain appeals from the final order of the Merit Systems Protection Board ("the Board") denying her petition for review of a previously settled Board appeal. *Torain v. Smithsonian Inst.*, DC-0752-100-533-I-1 (M.S.P.B. May 2, 2011). Because the Board correctly held that the settlement was valid, we affirm.

## BACKGROUND

Torain was removed from her position as a Management Support Assistant by the Smithsonian Institution in January 2010 for misconduct. She appealed that removal action to the Board. On July 28, 2010, the Smithsonian and Torain signed a settlement agreement. Torain reviewed the agreement with a private attorney shortly before signing. The agreement provided that Torain would resign and not seek further employment with the Smithsonian, that the Smithsonian would cancel her prior suspensions and remove all related documentation from her personnel file, and that the Smithsonian would pay back pay for the days she would have been scheduled to work during those suspensions. The agreement also noted that Torain knowingly and voluntarily entered into the agreement and that Torain had read and understood its terms. The administrative judge ("AJ"), after reviewing the agreement, determined that the settlement was lawful, freely and voluntarily entered into, and understood by the parties. The AJ then dismissed Torain's appeal on July 30, 2010.

Shortly thereafter, Torain filed a petition for review by the full Board, a petition for enforcement, and a motion for attorney's fees. The petition for enforcement and the motion for attorney's fees were dismissed by the AJ

because the petition for review was still pending. The full Board denied the petition for review on May 2, 2011, holding that Torain failed to show the settlement was invalid. Torain appealed the denial of the petition for review to this court.

Separately, many of the allegations in the petition for review were forwarded to the regional office as a second petition for enforcement because they were directed toward the Smithsonian's alleged noncompliance with the settlement agreement. On the same day, Torain states that she was contacted by the Smithsonian and provided with a proposed second settlement agreement. This second draft agreement appears to be an attempt to settle both the second petition for enforcement, the possible appeal to this court of the denial of her petition for review, and discrimination claims against the Smithsonian. There is no evidence that this agreement has been signed or entered into the record for enforcement purposes by the Board. Her second petition for enforcement was denied on August 19, 2011 for lack of evidence of noncompliance with the first settlement agreement. This denial is not before us.

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). In order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. *Sargent v. Dep't of Health &*

*Human Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000); *see Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). A party challenging the validity of a settlement agreement bears a heavy burden. *Tiburzi v. Dep't of Justice*, 269 F.3d 1346, 1355 (Fed. Cir. 2001); *Asberry*, 692 F.2d at 1380.

Torain argues that the July 2010 settlement agreement is invalid, involuntary, and unlawful. In support of this argument, she relies on the alleged failure of her union representative to be present during pre-settlement disciplinary proceedings and to provide a clear explanation of the settlement. In addition, Torain points to post-settlement interactions with the Smithsonian, including conversations regarding the May 2011 settlement offer which she describes as "egregious and oppressive." As a result, Torain argues that she was denied a right to counsel under the Sixth Amendment, deprived of her Fifth Amendment privilege against self-incrimination, and that she was subject to cruel and unusual punishment in violation of the Eighth Amendment.

The government argues that Torain's challenges focusing on her union representative are not an adequate basis for setting aside the July 2010 settlement agreement. The government notes that Torain consulted a private attorney before signing that agreement to ensure her rights were protected and, in addition, the settlement contains a clear provision stating that she had read and knowingly and voluntarily entered into the agreement. The government also argues that the facts surrounding the prior disciplinary proceedings, the post-settlement allegations concerning Torain's removal and the May 2011 settlement offer, and alleged discriminatory treatment are irrelevant to the validity of the July 2010 settlement agreement. The government also notes that Torain was not subject to a criminal proceeding so her

rights against self-incrimination, right to counsel, and freedom from cruel and unusual punishment are not implicated.

We agree with the government that the Board did not err in concluding that the July 2010 settlement agreement is valid and that no constitutional violation occurred. We also agree with the government that the allegations raised by Torain do not support a conclusion that the settlement was somehow unlawful, involuntary, or the result of fraud or mutual mistake. Torain's complaints directed to the Smithsonian's actions post-settlement, her now-settled disciplinary proceedings, and alleged discriminatory treatment are immaterial to the validity of the July 2010 settlement agreement.

First, the post-settlement allegations regarding the circumstances of her removal and the May 2011 settlement offer are more accurately characterized as involving the Smithsonian's compliance with the settlement, and thus properly dealt with on a petition for enforcement, not a petition for review. *Trotta v. U.S. Postal Serv.*, 73 M.S.P.R. 6, 9 (1997) (noting that determinations whether a party breached the settlement agreement are properly matters to be addressed in a petition for enforcement). Indeed, the Board correctly forwarded the compliance-related claims back to the regional office as a second petition for enforcement. Although that claim was later denied, that decision is not before us.

Second, her prior disciplinary actions involve the merits of the underlying claim disposed of by the July 2010 settlement agreement and are likewise not relevant to the validity of that agreement. *E.g.*, *Smith v. U.S. Postal Serv.*, 10 M.S.P.R. 320, 321 (1982) (settling waives right to challenge merits).

Third, Torain's remaining challenges focus on her union representative's role in the disciplinary proceedings leading up to the settlement. But, as the Board noted, dissatisfaction with a union representative is not generally a basis for disturbing a settlement or for Board review. *See, e.g.*, *Wadley v. Dep't of the Army*, 90 M.S.P.R. 148 (2001). On the contrary, the facts suggest that Torain was well aware of the terms of the settlement. Torain consulted with an attorney to review the terms prior to signing and in signing acknowledged that she was freely and voluntarily entering into that agreement. There is no evidence in the record that the July 2010 agreement was in any way unlawful, involuntary, or the result of fraud or mutual mistake. As a result, the Board did not err in denying her petition for review.

With regard to Torain's constitutional allegations under the Fifth, Sixth, and Eighth Amendments, we note that Torain is not implicated in any crime or subject to any criminal investigation or proceeding. As a consequence, the right to counsel, the right against self-incrimination, and the prohibition of cruel and unusual punishment are not at issue. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (cruel and unusual punishment); *Modrowski v. Dep't of Veterans Affairs*, 252 F.3d 1344, 1350 (Fed. Cir. 2011) (self-incrimination); *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002) (citing *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18 (1981)) (right to counsel).

We have considered Torain's remaining arguments and do not find them persuasive. We therefore conclude that the Board did not err in dismissing her petition. Accordingly, we affirm.

**AFFIRMED**

COSTS

No costs.