# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROBERT TATE,<br>                Appellant, | DOCKET NUMBER<br>SF-0752-19-0692-I-1 |
|      v. | |
| DEPARTMENT OF DEFENSE,<br>             Agency. | DATE: October 3. 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Claire Cooke, Esquire, and Tyler J. Sroufe, Esquire, Dallas, Texas, for the appellant.

Richard Saviet, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed his 60-day suspension. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that he was entitled to be represented by an attorney during the Office of Inspector General (OIG) investigation into the allegations of time and attendance abuse. Petition for Review (PFR) File, Tab 1 at 3. However, the Board has held that the right to counsel is limited to criminal proceedings, and a Federal employee has no right to counsel in an administrative investigation by his employer unless the investigation could result in criminal prosecution and the interrogation took place while the employee was in custody. *Chisolm v. U.S. Postal Service*, 7 M.S.P.R. 116, 120 (1981); *Ashford v. Department of Justice*, 6 M.S.P.R. 458, 392 (1981); *see Torain v. Smithsonian Institution*, 465 F. App'x 945, 948 (Fed. Cir. 2012) (finding that a Federal employee involved in an employment dispute is not entitled to counsel when the employee is not implicated in any crime or subject to a criminal investigation).[2] Here, a form signed by the appellant prior to his OIG investigative interview specifically stated that the appellant's answers could be used "in the course of civil or administrative proceedings" and that the appellant's answers could not be used in a criminal proceeding unless he knowingly provided false information.

[2] The Board may follow a nonprecedential decision of the United States Court of Appeals for the Federal Circuit when it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

Initial Appeal File (IAF), Tab 5 at 17. Nor is there any suggestion in the record that the appellant was in custody at the time of the interview. Thus, the appellant was not entitled to counsel during the OIG interview.

The appellant cites a provision of the Administrative Procedure Act (APA) in support of his claim that he was entitled to counsel. PFR File, Tab 1 at 3. The provision he cites, 5 U.S.C. § 555(b), provides, in pertinent part, that a person compelled to appear before an agency or a representative of an agency is entitled to be accompanied and represented by counsel and that "[a] party is entitled to appear in person or by or with counsel or other duly qualified representative in an agency proceeding." An "agency proceeding" is defined exclusively as rule.making, adjudication, and licensing. 5 U.S.C. § 551(12).

The appellant has not shown that he was compelled to appear before the OIG Special Agent. That he could have faced an agency disciplinary action for refusing to cooperate with the investigation does not alter that fact. *See Weston v. Department of Housing & Urban Development*, 724 F.2d 943, 947-48 (Fed. Cir. 1983) (finding that an employee can be removed for refusing to cooperate in an agency investigation if, among other things, the employee is informed that information obtained from the employee will not be used in a criminal proceeding against him). Moreover, an agency investigation into possible employee misconduct does not constitute an "agency proceeding" as that term is defined in the APA. 5 U.S.C. § 551(12). Nor has the appellant cited to an agency regulation or policy or an applicable collective bargaining agreement provision setting forth a right to counsel in an OIG investigative interview. Thus, we find that the appellant has not shown that he was improperly denied the right to representation by counsel during the OIG investigation.

Additionally, the appellant reiterates the request he made below for an audio recording or a transcript of his interview with the OIG Special Agent. PFR File, Tab 1 at 3-5. According to the appellant, the recording or transcript would corroborate his argument concerning his request for an attorney, show that

the agency misinterpreted his statement about the amount of time he worked, and show that the OIG investigator lied. *Id.* An administrative judge has wide discretion to exclude evidence and witnesses when it has not been shown that such evidence and testimony would be relevant, material, and nonrepetitious. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 42 (2014); *see* 5 C.F.R. § 1201.41(b)(10). Furthermore, to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). The appellant has not shown that the evidence he sought would affect the outcome of this appeal.[3]

As stated above, the appellant has not provided any legal basis for his claim that he was entitled to counsel during an administrative investigation. Thus, whether he requested counsel and that request was denied or he never requested counsel is immaterial. In addition, regardless of the appellant's claims about his hours worked, it is clear that he claimed many more hours worked than he actually did, and such behavior would constitute conduct unbecoming a Federal employee. Finally, the administrative judge considered the appellant's testimony that the OIG Special Agent erred in his summary of the investigative interview and found the assertion not credible. IAF, Tab 34, Initial Decision (ID) at 7. Thus, we find that the administrative judge has not abused her discretion.

In sum, we discern no basis to disturb the administrative judge's determination that the agency's penalty of a 60-day suspension promoted the efficiency of the service and was reasonable.[4] ID at 18-20.

---

[3] In addition, it is not clear how the transcript the appellant seeks would be materially different from the sworn statement he signed, which appears to be a transcript of the investigative interview. IAF, Tab 5 at 18-22.

[4] Regarding the appellant's disability discrimination claim, the administrative judge cited the mixed-motive standard as set forth in *Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 23 (2013). ID at 16-17. After issuance of the initial decision in this appeal, the Board addressed the proper analytical framework in status-based

**NOTICE OF APPEAL RIGHTS**[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

discrimination claims in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 21-22. Because *Pridgen* sets forth the proper analytical framework after an employee has shown that unlawful discrimination was a motivating factor in the agency action, and here the administrative judge found that the appellant failed to show that his disability was a motivating factor in the agency action, *Pridgen* has no effect on this appeal. *Id.*; *see* ID at 17.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.