NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**DELIRIS MONTANEZ,**

*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**

*Respondent*

---

2024-1939

---

Petition for review of the Merit Systems Protection Board in Nos. DA-1221-20-0330-W-2, DA-1221-20-0421-W-2.

---

Decided:  February 13, 2025

---

DELIRIS MONTANEZ, El Paso, TX, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before PROST, WALLACH, and CHEN, *Circuit Judges*.

PER CURIAM.

Deliris Montanez filed two individual right of action appeals with the Merit Systems Protection Board (Board), alleging that the Department of Homeland Security (DHS) retaliated against her for whistleblowing. During a hearing for the consolidated appeals, the parties informed the administrative judge that they had resolved their dispute through a settlement agreement. In an initial decision, the administrative judge dismissed the appeals after finding that the settlement agreement "appears lawful on its face, the parties freely entered into it, and they understand the terms." *Montanez v. Dep't of Homeland Sec.*, Nos. DA-1221-20-0330-W-2, DA-1221-20-0421-W-2, 2021 WL 4133814 (M.S.P.B. Sept. 9, 2021); *see* 5 C.F.R. § 1201.41(c)(2). Ms. Montanez subsequently filed a petition for review with the full Board. The Board rejected Ms. Montanez's arguments that the settlement agreement was invalid, denied the petition for review, and affirmed the administrative judge's initial decision, which became the final decision of the Board. *Montanez v. Dep't of Homeland Sec.*, Nos. DA-1221-20-0330-W-2, DA-1221-20-0421-W-2, 2024 WL 1599157 (M.S.P.B. Apr. 11, 2024) (*Decision*); *see* 5 C.F.R. § 1201.113(b). Ms. Montanez now petitions this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9). For the reasons explained below, we *affirm*.

## DISCUSSION

Our review of Board decisions is limited. We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Montanez generally argues that her settlement agreement with DHS was unlawful, involuntary, and the result of fraud. Pet'r's Informal Br. 2–3. "Those who

employ the judicial appellate process to attack a settlement through which controversy has been sent to rest bear a properly heavy burden." *Asberry v. U.S. Postal Serv.*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). "It is well-established that in order to set aside a settlement, an appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake." *Sargent v. Dep't of Health & Hum. Servs.*, 229 F.3d 1088, 1091 (Fed. Cir. 2000) (per curiam).

Ms. Montanez first argues that DHS, in bad faith, withheld "crucial documentation" and "information" that would have supported her whistleblower retaliation claim, and thus the Board "did not have all the facts." Pet'r's Informal Br. 2–3. But Ms. Montanez fails to identify any material documents or information withheld by DHS prior to the parties' settlement. Ms. Montanez also argues that she was "deceived" by her attorney, who coerced her into entering into the agreement. Pet'r's Informal Br. 2. To succeed on such an argument, Ms. Montanez "must make a 'showing of wrongful conduct necessary to shift the burden of proof on the allegation' of the attorney's . . . coercion from [herself] to the agency." *Tiburzi v. Dep't of Just.*, 269 F.3d 1346, 1355 (Fed. Cir. 2001) (quoting *Asberry*, 692 F.2d at 1381). Ms. Montanez's "unsubstantiated allegations" that she was pressured to enter the agreement due to (1) her attorney's personal financial needs, and (2) an unspecified emergency involving an exchange student she was hosting, fail to make a showing of coercion. *Id.* As the Board noted, Ms. Montanez has submitted no evidence in support of her claim regarding her attorney's motives. *Decision*, 2024 WL 1599157, at *3. "A bare allegation of coercion is not sufficient to set aside the parties' settlement agreement." *Tiburzi*, 269 F.3d at 1355.

Next, Ms. Montanez argues that she lacked mental capacity to enter into the settlement agreement. She relies only on a letter from her psychiatric nurse practitioner that notes Ms. Montanez has been diagnosed with PTSD,

anxiety, and other mental disorders. The Board gave no weight to that letter because it did not "specifically address [Ms. Montanez's] mental capacity at the time she signed the settlement agreement." *Decision*, 2024 WL 1599157, at *3. The Board found that Ms. Montanez failed to prove a claim of mental incapacity, further noting that "the administrative judge stated on the record that he assisted with facilitating the settlement terms and that the parties entered into the agreement voluntarily," and Ms. Montanez "has provided no evidence to find otherwise." *Id.* On the record before us, we cannot say the Board's findings are unsupported by substantial evidence.

Finally, Ms. Montanez raises arguments about the propriety of a $10,000 fee paid to her attorney by DHS as part of the settlement agreement. *See* Pet'r's Informal Br. 3; Pet'r's Mem. in Lieu of Oral Arg. 2–3. Ms. Montanez contends that she had already paid her attorney and DHS improperly paid the $10,000 to him. To the extent Ms. Montanez asserts that DHS breached the terms of the settlement agreement by paying her attorney, such allegations are "properly dealt with on a petition for enforcement, not a petition for review." *Torain v. Smithsonian Inst.*, 465 F. App'x 945, 948 (Fed. Cir. 2012) (per curiam) (citing *Trotta v. U.S. Postal Serv.*, 73 M.S.P.R. 6, 9 (1997)). And to the extent Ms. Montanez argues that the agreement is *unlawful* because Board regulations required DHS to provide the entire settlement amount directly to her, she has cited no such regulation or authority for that contention. We are aware of none. Further, any dispute between Ms. Montanez and her attorney regarding the fee is beyond the scope of Ms. Montanez's appeal to the Board and our review thereof.

## CONCLUSION

We have considered Ms. Montanez's remaining arguments and find them unpersuasive. Accordingly, we *affirm* the Board's final decision.

## AFFIRMED

COSTS

No costs.